UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

| | |
|---|---|
| OMAR GRAYSON, #R-48244, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.: 15-198-NJR-DGW |
| ) | |
| JODY GOETTING, et al., ) | |
| ) | |
| Defendants. ) | |

## HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE COMES TO BE HEARD on the motion of Defendants for a HIPAA Qualified Protective Order. The Court finds that good cause exists for the entry of a HIPAA Qualified Protective Order to prevent unauthorized disclosure and direct the use of protected health information during the course of this litigation.

Accordingly, it is hereby ordered:

1. All records produced by the parties to this litigation are produced subject to this Order.

2. This Order applies to any records produced by a covered entity, as defined by 45 C.F.R. 160.103, which has received a request or subpoena for protected health information.

3. During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the Plaintiff, as that term is defined under the Health Insurance Portability and Accountability Act ("HIPAA") and the Federal Regulations promulgated pursuant to said Act.

    (a) All protected health information disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in this case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b) Protective health information pursuant to this HIPAA Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

(c) Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party, or parties' attorney, to:

(1) The parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third party administrators for any of the parties involved in the litigation; in any proceeding for health oversight activities, as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of the above.

(2) The parties and each entity governed by this Order, shall either (a) destroy or (b) return to the entity who originally produced it, all protected health information, including all copies made; provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

**IT IS SO ORDERED.**

**DATED: August 14, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**